**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

In re the Bankruptcy of:

**NETWURX, INC.**                              Case No. 08-26131

                Debtor.            Small Business Case under Chapter 11

**DEBTOR'S THIRD MODIFICATION OF THE THIRD
AMENDED CHAPTER 11 PLAN OF REORGANIZATION PURSUANT TO
11 U.S.C. § 1127(a) AND BANKRUPTCY RULE 3019**

The Debtor in the above-entitled Chapter 11 case proposes a third modification of the Third Amended Plan of Reorganization as follows and as set forth on this page IV 1-5:

IV. TREATMENT OF CLASSES

1. Debtor has recently obtained a commitment for financing in the amount of $715,000.00, which will allow for an immediate and full payment of all creditors in all classes as set forth in IV below, except for the First Financial Bank Centre (SBA) loan, which Debtor will continue to make monthly payments of $4,690.76 until final payment in September 2010 and the insider claims of Jane Maher, Pamela Maher, and Peter Maher; said agreement for financing subject to bankruptcy court approval. A copy of the pertinent provisions of the financing agreement is attached hereto and incorporated herein by reference. The Debtor anticipates that payments under this modified plan shall be made no later than 14 days after the confirmation of this amended plan.

2. Debtor respectfully submits that the plan as modified meets the requirements of 11 U.S.C. §§ 1122 and 1123.

3. Debtor respectfully submits that the modifications do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, and therefore, pursuant to Bankruptcy Rule 3019, notice should only be given to the U.S. Trustee, any committee appointed under the Code, and any other entity designated by the Court.

4. Debtor respectfully submits that a modified disclosure statement pursuant to 1127(c) is unnecessary since the recently filed modified plan does not adversely affect the treatment of any creditor. *See In re Cellular Info. Sys., Inc.* 171 B.R. 926 (Bkrtcy. D.S.C. 1994).

5. The provisions of the Third Amended Chapter 11 Plan not affected by this modification are hereby reaffirmed and reratified.

## I. DEFINITIONS

For the purposes of the Third Amended Plan, the following definitions shall apply:

1. "Code" shall mean Title 11 of the United States Code as amended.
2. "Court" shall mean the United States Bankruptcy Court for the Eastern District of Wisconsin in which this case is pending.
3. "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands, or claims of any character whatsoever.
4. "Creditors' Committee" shall mean the creditors' committee appointed by the order of this Court, the members thereof, and any successor members.
5. "Confirmation of the Plan" shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11.
6. "Consummation of Plan" shall mean the accomplishment of all things contained or provided for in this Plan, and the entry of an order finally dismissing this case.
7. "Debtor" shall mean NETWURX, INC., the Debtor in possession listed in the caption of the Plan.
8. "Effective Date" shall mean the date on which the order confirming this Plan of Reorganization becomes final and non-appealable.
9. "Unsecured Claims" shall mean all claims held by creditors of the Debtor, other than Secured Claims and shall include claims of secured creditors to the extent that the same are unsecured in part.
10. "Priority Claim" shall mean the claim of any creditor entitled to priority under Section 507 of the Code.
11. "Plan" shall mean this Plan or Reorganization in its present form or as it may be amended or supplemented.
12. "Secured Claims" shall mean all claims secured, if any, by liens on the property of the Debtor, which liens are valid, perfected, and enforceable under applicable law, are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case.

## II. GENERAL PROVISIONS

The following general provisions apply to this Plan:

1. Claims: Various types of claims are defined in this Plan, The Plan is intended to deal with all claims against Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a). However, only those claims allowed pursuant to Section 502(a) of the Bankruptcy Code will receive treatment afforded by the Plan in Article IV.

2. Preserved Liens: To the extent required under Section 1124(2) of the Bankruptcy Code to preserve the rights of a secured creditor, the liens or encumbrances of Eyecom shall, to the

extent valid, be preserved or will otherwise be satisfied by cash payment to the extent of the value of secured property or amount of secured debt, whichever is less.

3. Time for Filing Claims: All creditors whose claims are scheduled as disputed or unliquidated in the Debtor's schedules must file such claims by the bar date established by the Court in order to be treated under the Plan.

4. Modification of the Plan: This Plan may be modified by the Debtor pursuant to 11 U.S.C. § 1127 upon any application by the Debtor or corrected prior to Confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Code provided that notice is given to the Committee and the Committee does not object to the modification or correction, and the Bankruptcy Court finds that such modification or correction does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Plan.

### III. DIVISION OF CLAIMS AND INTERESTS

The claims against the interests in the Debtor are divided into the following classes:

Class 1: All allowed Priority Claims, other than Priority Tax Claims.
Class 2: All allowed Priority Tax Claims.
Class 3: All allowed Secured Claims and post-petition payments other than the Class 4 Creditors
Class 4: All allowed Pre-petition Secured Claims, if any.
Class 5: All allowed Pre-petition Unsecured Claims irrespective of amount.

### IV. TREATMENT OF CLASSES

1. There are no Class 1 Creditors. However, any administrative tax liability incurred by the Debtor shall be paid in full by the effective date of the Plan

2. There are two Class 2 Creditors - The claim of the Wisconsin Department of Revenue ($124,482.00) and the claim of the Internal Revenue Service ($40,069.00). Reserving its rights to challenge these claims, Netwurx proposes minimum monthly payments of $5,000.00 to the Wisconsin Department of Revenue and $2,000.00 to the Internal Revenue Service until these claims, including applicable statutory interest, pursuant to 11 U.S.C. § 511(a), are paid in full. Class 2 Creditors are unimpaired. Payment shall commence October of 2009. It is anticipated that all Class 2 creditors shall be paid in full in October 2011, however, if not, payments will continue through the five-year term.

3. Class 3 Creditors - the allowed secured claims and allowed post-petition payments of creditors other than as set forth in paragraph 4 below shall continue to receive their regular payments.

| | |
|---|---:|
| Dan Spangler, LLC | $45,000.00 |
| David Kiernan | 4,000.00 |
| Eric Kiernan | 4,000.00 |
| Jeff Wenzler | 4,000.00 |
| Ronald Fowler | 4,000.00 |
| SBA/First Bank Financial Centre | 69,229.00 |
| Total Comfort/Total Mechanical | 4,467.00 |

Class 3 Creditors are unimpaired.

4. There are no Class 4 Creditors

5. Class 5 Creditors are the allowed Pre-petition Unsecured Creditors of the Debtor. Netwurx proposes minimum monthly payments of at least $6,000.00 for a period of 60 months. As set forth in Exhibit H - the five-year budget and reconciliation of payments, in October 2009, the monthly payments shall begin at $6,000.00, in October 2010, the monthly payment shall increase to $10,000.00; in April 2011, the monthly payment shall increase to $12,000.00; and in November 2011, the monthly payment shall increase to $24,000.00 and continue through the five year term or until all creditors are paid in full. Allowed claims under this class shall receive a pro rata distribution. Based on the Liquidation Analysis as set forth in Exhibit E, Class 5 unsecured creditors shall receive payments that are not less than the amount that each allowed claim holder would receive if the Debtor were liquidated Chapter 7. Monthly payments shall begin on October 31, 2009 or on the last day of the month preceding confirmation of the Plan (and on the last day of each month thereafter), whichever event occurs last.

| | |
|---|---:|
| Ameritech Publishing, Inc. | 16,808.00 |
| Dave Mack | 4,300.00 |
| AT&T | 310,000.00 |
| Bertram Communications | 26,021.00 |
| Business Technologies | 302.00 |
| CenturyTel (Marion, LA) | 542.00 |
| CenturyTel (Monroe, LA) | 5,335.00 |
| Charter | 26,219.00 |
| D&D Muffler | 212.00 |
| Dell Financial Services, LLC | 1,906.00 |
| Express News | 475.00 |
| Eyecom | 135,000.00 |
| Lemberg Electric | 1,712.00 |
| Nebs | 273.00 |
| Pamela A. Maher | 15,000.00 |
| Peter and Jane Maher | 61,000.00 |
| Pitney Bowes | 735.00 |
| Print Haus | 1,162.00 |

| | |
|---|---:|
| Reilly Penner & Benton | 6,565.00 |
| Schober, Schober & Mitchell, S.C. | 2,645.00 |
| US Cellular | 3,897.00 |
| WAV | 24,000.00 |
| Winter Summer Storage | 3,500.00 |
| Yellowbook IL | 573.00 |
| Yellowbook Madison | 1,111.00 |

6. *Classes of Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (*i.e.,* equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. Netwurx is a Wisconsin corporation.

The following sets forth the equity interest holders. Said holders shall continue upon confirmation of Plan, however, no liquidation or distribution to said holders is provided for or anticipated.

Pete Maher - 95 shares common stock representing 47½ %
Pamela Maher - 95 shares common stock representing 47½ %
Netwurx, Inc. - 10 shares common stock representing 5%

## V. ALLOWANCE AND DISALLOWANCE OF CLAIMS

<u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

<u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

<u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## VI. UNEXPIRED LEASES AND EXECUTORY CONTRACTS

The Debtor assumes the following unexpired leases and/or executory contracts effective upon the date of the entry of the order confirming this Plan.

ARIN, Ltd.
City of Hartford
Direct Link Tower, LLC

Global Tower, LLC (Midwest Tower Partners, LLC)
GTP Acquisition Partners II, LLC
Hustisford Utilities
IDC/Internet Dynamics Corp.
K&S Golf
Lake Mills
Lebanon
Prairie Radio Communications
Satcom, LLC
SBA/First Bank Financial Centre.
Spangler Computers, Inc. (Jefnet)
Town Investments (Towne Realty)
Town of Erin
Viking Communications
Village of Cambridge
Village of Cheneque
Watertown Water Dept.
White Elephant, LLP
Global Pops
Spiralite
Sprint
4 Guys, Inc.
E5
Cogent
AT&T (DSL contracts)
U.S. Signal

The Debtor rejects the following unexpired leases and/or executory contracts effective upon the date of the entry of the order confirming this Plan.

Ameritech/SBC
AT&T - Reject except for two agreements involving DSL
Bertram Communications - (contract canceled prior to June 5, 2008), no "lease" ever executed.
City of Burlington
ECB
Netwurx IDC
TDS Metrocom

The Debtor will be conclusively deemed to have rejected all unexpired leases and executory contracts upon the date of the entry of the order confirming this Plan.

A proof of claim arising from the rejection of an unexpired lease or executory contract under this section must be filed no later that the deadline date after the date of the order confirming this Plan as set by the Bankruptcy Court.

## VII. MEANS FOR EXECUTION OF THE PLAN

Debtor shall continue its current business operations.

## VIII. MANAGEMENT OF DEBTOR'S BUSINESS AND PROPERTY

The Debtor's property shall be managed during the period of the Plan by the Debtor's present management.

## IX. LIQUIDATION ANALYSIS

Based on five liquidation analyses as set forth below, with all secured creditors being paid in full, including the payment of any accrued but unpaid trustee fees, there would be insufficient monies to assign or pay over to unsecured creditors.

1. The EBITDA (earnings before interest, taxes, depreciation, and amortization) - with a monthly profit projected at $11,289.00 and then including loan interest of $733.00 and the trustee fee of $1,625.00, the total of $13,647.00 over a three year period equates to a liquidation value of $491,292.00.

2. The GAAP cash flow (generally accepting accounting practices - cash flow) - since Netwurx expenses have been derived from a cash basis and non-static costs have been added in as an average over the last year, and no cash has been loaned during that year, the total for computation would be the monthly profit projected at $11,289.00 plus the trustee fee of $1,625.00 or a total of $12,914.00. Based on a three year projection, the liquidation value is $464,904.00.

3. In May of 2008, Netwurx received a third party offer in the range of $350,000.00 to $500,000.00. That offer was refused by Netwurx.

4. In April of 2009, Netwurx received a third party offer of $600,000.00. That offer is pending.

5. A competing plan filed by Bertram Communications, LLC on June 29, 2009 proposed a liquidation of Netwurx, Inc. in payment of $750,000.00

6.

## X. RETENTION OF JURISDICTION

After confirmation, the Court will retain jurisdiction of the Debtor for purposes of implementing and consummating the Plan.

## XI. MISCELLANEOUS PROVISIONS

<u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in

§§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. Also, the word "Plan" shall also refer to any amended or modified plans.

Severability. If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provisions of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or Federal Rules of Bankruptcy Procedure), the laws of the State of Wisconsin govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Corporate Governance. Upon confirmation of the Plan, the Debtor shall amend its charter to comply with the requirements of 11 U.S.C. § 1123(a)(6).

Disbursing Agent. The disbursing agent for all payments made under the Plan shall be Peter Maher. The disbursing agent shall not be liable for any action or failure to act by the Debtor.

Commencement of Plan. Upon confirmation of this modified Plan, and no later than 14 days after confirmation, Debtor will commence payments as set forth above.

Discharge. On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before the confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Quarterly Fees. All quarterly fees payable under 28 U.S.C. §1930 shall be paid on or before the effective date of the Plan, as required by 11 U.S.C. §1129(a)(12). The reorganized Debtor shall continue to file quarterly fee statements and pay quarterly fees when due until this case is converted, dismissed or closed. The Bankruptcy Court shall retain jurisdiction necessary to enforce the provisions of this paragraph.

Summary. Debtor projects that all creditors in Classes 1 through 5, except for the claim of First Bank Financial Centre (SBA) and the claims of insiders Jane Maher, Pamela Maher, and Peter Maher, shall be paid in full no later than 14 days after confirmation of this modified Plan.

Dated and respectfully submitted this  16th  day of  September , 2009.

        Respectively submitted,

**NETWURX, INC.**


 /s/  
Peter Maher, CEO

**FISH LAW OFFICES**


 /s/  
Guy K. Fish, Attorney for Debtor  
Wis. State Bar No. 1005282

# MEMORANDUM OF AGREEMENT

This Memorandum of Agreement, dated the sixteenth (16th) day of September, 2009, between **Whitewater Communications, LLC** and **Netwurx, Inc.**, evidences the parties intent to enter into an agreement for sale of stock of **Netwurx, Inc.** pending the Bankruptcy Court's approval of **Netwurx, Inc.'s** amended confirmation plan.

The material portions of the intended agreement ("agreement") are as follows:

1. Any and all agreements between **Whitewater Communications, LLC** and **Netwurx, Inc** pursuant to this memorandum shall be contingent upon the Bankruptcy Court's acceptance and approval of **Netwurx, Inc's** amended confirmation plan.

2. **Whitewater Communications, LLC** shall pay to **Netwurx, Inc.** and **Netwurx, Inc.** shall accept from **Whitewater Communications, LLC** a one-time payment of seven-hundred and fifteen thousand dollars ($715,000.00) upon both parties signing the agreement.

Dated this 16 day of September, 2009.

Whitewater Communications, LLC
By: _____
Dave Kachel, Manager

Netwurx, Inc.
By: _____
Pete Maher, CEO

_____
Pamela Maher, President