THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 13, 2009

*Susan V. Kelley*

Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:                                         Case No. 08-26131-SVK

     NETWURX, INC.,

            Debtor.                          Chapter 11

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
CONFIRMING THE DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN OF
REORGANIZATION, AS MODIFIED**

---

The above-captioned debtor in possession (the "Debtor") having:

     a.     filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on June 5, 2008 (the "Petition Date");

     b.     continued to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

     c.     filed, on May 8, 2009, its proposed *Debtor's Third Amended Chapter 11 Plan of Reorganization* (the "Third Amended Plan");

     d.     filed, on June 25, 2009, the *Debtor's Modification of the Third Amended Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. § 1127(a) and Bankruptcy Rule 3019* (the "First Modification");

e.      filed, on July 17, 2009, a second modification of the Third Amended Plan entitled *Debtor's Modification of the Third Amended Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. § 1127(a) and Bankruptcy Rule 3019* (the "Second Modification");

f.      filed, on September 16, 2009, the *Debtor's Third Modification of the Third Amended Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. § 1127(a) and Bankruptcy Rule 3019* (the "Third Modification");

g.      made further verbal modifications to the Third Amended Plan on the record at the plan confirmation hearing held on September 17, 2009 (the "Verbal Modifications"; collectively, the Third Amended Plan, the First Modification, the Second Modification, the Third Modification, and the Verbal Modifications comprise the "Plan");

h.      filed, on July 17, 2009, the *Debtor's Updated Fifth Disclosure Statement* (the "Disclosure Statement");

i.      filed, on October 19, 2009 the *Debtor's Motion to Modify the Accepted Plan*;

j.      complied with the Bankruptcy Code and all applicable Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") with respect to the Plan and Disclosure Statement.

This Court having:

a.      entered, on August 12, 2009, an order approving the Disclosure Statement (the "Disclosure Statement Order");

b.      held a hearing on September 17, 2009 at 1:00 p.m. to consider confirmation of the Debtor's Plan (the "Confirmation Hearing");

c.      held a hearing on November 13, 2009 at 9:30 a.m. to consider the modification of Debtor's Accepted Plan

d.      reviewed and considered the Plan, Disclosure Statement, and all filed pleadings, exhibits, objections and statements regarding confirmation of the Plan;

e.      heard and considered the statements of counsel and all other testimony and evidence proffered and/or adduced at the Confirmation Hearing; and

f.      overruled all objections (to the extent not withdrawn) to the Plan and all statements and reservations of rights not otherwise resolved or withdrawn.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan were adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support

2

of confirmation of the Plan and presented at the Confirmation Hearing established just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

## I.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY FOUND, DETERMINED, ADJUDGED, DECREED AND ORDERED THAT:

### A.      <u>Jurisdiction and Venue</u>

1.      Venue in this District was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Court has subject matter jurisdiction over this matter pursuant  to 11 U.S.C. §§ 157 and 1334, and the Order of reference in this District. All of the matters before this Court are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) as matters regarding the administration of the Debtor's estate and confirmation of the Plan.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.      <u>Eligibility for Relief</u>

2.      The Debtor is eligible for relief under section 109 of the Bankruptcy Code.

### C.      <u>Commencement of the Chapter 11 Case</u>

3.      On the Petition Date, the Debtor commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      Since the Petition Date, the Debtor has operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in this chapter 11 case.

### D.      <u>Resolution of Objections</u>

3

6. Any resolutions of objections to confirmation of the Plan explained on the record at the Confirmation Hearing are hereby incorporated by reference.

**E.** **Burden of Proof**

7. As more fully set forth herein, the Debtor, as proponent of the Plan, has met its burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a "preponderance of the evidence," which is the applicable evidentiary standard for confirmation.

**F.** **Approval of the Disclosure Statement**

8. On August 12, 2009, the Court entered the Disclosure Statement Order, which, among other things: (a) approved the Disclosure Statement; (b) approved the form of the solicitation letter filed by the Debtor; (c) established certain balloting procedures; and (d) set the Confirmation Hearing date.

**G.** **Service of Solicitation Materials**

9. The Debtor has complied in all respects with the service requirements and procedures approved in the Disclosure Statement Order.

10. All procedures used to provide notice and distribute solicitation materials were fair and conducted in accordance with the Disclosure Statement Order, Bankruptcy Code, Bankruptcy Rules, Local Rules, and all other applicable rules, laws, and regulations.

**H.** **Report of Ballots**

11. On September 14, 2009, the Debtor filed the Debtor's Ballot Compilation, and on September 16, 2009, the Debtor filed the Debtor's Amended Ballot Compilation (the "Amended Compilation"). Under the Plan, all creditors of the Debtor will be paid in full, and there is no impaired class of creditors. Based on the foregoing and the Amended Compilation, the Plan has been accepted by all required voting classes.

12.     Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement Order, all applicable provisions of the Bankruptcy Code, the Local Rules, and all other applicable laws, rules and regulations.

13.     The Debtor, its respective directors, officers, managers, members, agents, affiliates, attorneys and advisors have solicited votes to accept or reject the Plan in good faith and in compliance with the Bankruptcy Code and the Disclosure Statement Order.

## I.     **Bankruptcy Rule 3016**

14.     The Plan is dated and identifies its proponent (i.e., the Debtor), thus satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement (in its final iteration dated July 17, 2009) satisfied Bankruptcy Rule 3016(b).

## J.     **Plan Modifications; Resolicitation Not Required**

15.     Each of the modifications reflected in the Plan following the filing of the Disclosure Statement and the voting deadline for the Plan constitutes (a) a technical or non-material change, or (b) a change with respect to a particular class of claimants by agreement with such class, or (c) a change that does not materially and adversely affect or change the treatment of any creditors.

16.     Such modifications, taken as a whole, will not have an adverse impact on the treatment of, and/or distribution to any creditors, with the exception of those creditors which have consented to revised treatment.

17.     Accordingly, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, these modifications do not require additional disclosure pursuant to section 1125 of the Bankruptcy Code or resolicitation of votes on the modified Plan pursuant to section 1126 of

Case 08-26131-svk    Doc 326    Filed 11/13/09    Page 5 of 7

the Bankruptcy Code, nor do they require that any creditors by afforded an opportunity to change any previously case acceptances or rejections.

**K.    Incorporation of Oral Findings of Fact and Conclusions of Law**

18.     The findings of fact and conclusions of law delivered orally by the Court at the Confirmation Hearing, which are contained in the record, are incorporated herein by reference.

**L.    Compliance with Requirements of Section 1129 of the Bankruptcy Code**

19.     The Plan is found to be in the best interests of the creditors.  All creditors will be paid in full pursuant to the Plan.

20.     The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.  The Plan further complies with sections 1129(a)(2) through (16), as applicable.

**II.    ORDER**

BASED ON THE FOREGOING FINDINGS AND CONCLUSIONS, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.     The Plan is approved and confirmed in every respect pursuant to section 1129 of the Bankruptcy Code.

2.     The terms of the Plan and any ruling made by the Court on the record at the September 17, 2009 Confirmation Hearing are incorporated by reference into, and are an integral part of this Order.  Alterations to the Plan made at the Confirmation Hearing shall be made effective pursuant to this Order.  Those changes include, but are not limited to:

A.  Page 1, section IV, paragraph one, sentence one the amount to pay creditors' claims is increased from "$715,000.00" to "$900,000.00."

B.  Page 5, section IV, paragraph six, titled "Classes of Equity Interest Holders" the equity interest holders after confirmation of the Plan is modified from:

6

"Pete Maher- 95 shares common stock representing 47½%
Pamela Maher- 95 shares common stock representing 47 ½%
Netwurx Inc.- 10 shares common stock representing 10%"

and replaced with:

"Whitewater Communications, LLC- 51%
Pete Maher- 49%"

3.      Furthermore, the Plan incorporates the modification made by Debtor's motion
after acceptance and prior to confirmation of the Plan, as ordered by the Court.  This includes the
modification approved at the hearing on November 13, 2009 to modify "Effective Date" to mean
the following:

a)  "Effective Date" shall mean the date on which the order confirming this Plan of
    Reorganization becomes final and non-appealable, or the Debtor declares the
    Effective Date to be by filing such declaration with the Court.

4.      The terms of the Plan shall be effective and binding as of the Effective Date of the
Plan.  Notwithstanding the foregoing, if there is any direct conflict between the Plan and the
terms of this Confirmation Order, the terms of this Confirmation Order shall control.

5.      The Debtor shall pay fees owed to the United States Trustee pursuant to 28 U.S.C.
§ 1930, when due.

6.      Chapter 11 administrative expenses, as allowed, shall be paid pursuant to the
terms of the Plan.

7.      The provisions of the Plan bind the Debtor and all creditors of the Debtor.

8.      To the extent not withdrawn, any objections to the confirmation of the Plan are
overruled.

9.      This Order is a final Order and should be entered by the Clerk forthwith.

###