# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BERTRAM COMMUNICATIONS, LLC,

        Appellant,

v.                                            Case No. 09-CV-1037

NETWURX, INC.,

        Appellee.

_____

## ORDER

On November 13, 2009, this court denied the motion of the appellant, Bertram Communications, LLC ("Bertram"), for a temporary restraining order pending the final resolution of the appeal of a decision of the Bankruptcy Court for the Eastern District of Wisconsin. (Docket #7). On that same date, the bankruptcy court entered a final judgment confirming the Chapter 11 Plan of the appellee, Netwurx. (Bankruptcy Docket #326). Netwurx's reorganization plan allowed an angel investor, a third party named Whitewater Communications ("Whitewater"), to receive 51% of Netwurx's equity, leaving the existing equity holders with 49% of the business. On November 25, 2009, Netwurx executed the plan, whereby a new entity called Netwurx Holding was created and 100% of the interest in Netwurx was transferred to it. At the same time, Whitewater purchased 51% of the interest in the appellee from the holding company for $900,000. Two days later, using the money procured from Whitewater's purchase, more than twenty of Netwurx's creditors received payments for their claims totaling $759,650.94. Two creditors continue to receive monthly

distributions, and all claim objections appear to have been resolved in the bankruptcy court. Out of Netwurx, a new entity with a new structure of operations, new profit sharing agreements, and new customer contracts and lease agreements has been created. However, undeterred by the court's denial of the motion for a temporary restraining order, Bertram has pressed on with its appeal. (Docket #14). On December 14, 2009, Netwurx filed a motion to dismiss Bertram's appeal, arguing that this court could no longer fashion relief without disrupting the restructuring plan and harming innocent third parties. (Docket #19). The court will grant Netwurx's motion and dismiss the appeal.

If a bankruptcy plan has been substantially consummated in the intervening time between confirmation and an appeal, the equitable principles of bankruptcy counsel a court against disturbing a partially implemented plan. *Matter of UNR Indus., Inc.,* 20 F.3d 766, 769 (7th Cir. 1994). A court may consider a challenge to a reorganization plan unreviewable when implementation of the plan has created, extinguished or modified rights, especially if the plan has affected the rights of third parties not before the court. *In re Andreuccetti,* 975 F.2d 413, 418 (7th Cir. 1992). Substantial consummation of the reorganization plan is not determinative for the court. *Id.* Instead, the Seventh Circuit has outlined several factors to be considered when determining whether a bankruptcy plan ought to be upset on appeal, including the virtue of finality, the passage of time, whether the plan has been substantially consummated, and whether there has been a comprehensive change in

circumstances. *In re Specialty Equip. Cos., Inc.,* 3 F.3d 1043, 1048 (7th Cir. 1993). A district court must also consider other factors such as whether the appellants have sought a stay, the nature of the relief sought, and the impact of the relief upon the debtor and third parties. *Id.* Ultimately, "the basic question" the court must ask is whether it is "prudent and fair to undo what the bankruptcy court did." *Capital Factors, Inc. v. Kmart Corp.*, No. 02-CV-1264, 2003 U.S. Dist. LEXIS 17437, at *13 (N.D. Ill. Sept. 29, 2003).

Taken together, the factors militate in favor of not having this case proceed to a determination on the merits of the appeal. First, the reorganization plan has been substantially consummated.[1] For the purposes of bankruptcy law, substantial consummation means: the transfer of "all or substantially all of the property" the plan proposes to transfer; the reorganized entity's assumption of the business and/or management of the property addressed by the plan; and the start of distribution under the plan. 11 U.S.C. § 1101(2). Here, following the reorganization plan, 51% of the interest in Netwurx has been transferred to Whitewater and a reorganized entity has assumed control of the business, as a substantial number of the creditors' claims are being satisfied, making the plan substantially consummated. Moreover, undoing what has occurred under the reorganization plan would harm third parties,

---

[1] Bertram argues that, based on the merits of its appeal, the reorganization plan's implementation was "illegitimate" because the plan submitted by Netwurx was not done in a timely manner and that "substantial consummation should not have a bearing on the court's decision to allow the appeal to proceed." (Appellant's Br. 3). However, even if the appellant is correct that Netwurx did not fully comply with the procedural rules governing bankruptcy proceedings, "whether one or another detail [during the bankruptcy proceedings] . . . could have been accomplished better is precisely the sort of question that should not upset a substantially consummated plan of reorganization." *In re UNR, Indus., Inc.* 20 F.3d at 771.

most notably Whitewater.  Whitewater has assumed an interest in Netwurx, and there is nothing to indicate that merely reimbursing the company for the money it has invested in the appellee would make the angel investor whole.[2]  This is especially true, given the sizable tax implications for Whitewater, if this court rescinded the bankruptcy plan.  In addition, the new entity running Netwurx has entered into several new business agreements with hundreds of third parties who have relied on the judicial assurance "that they [were] safe" in entering into such arrangements.  *In re UAL Corp.*, 408 F.3d 847, 850 (7th Cir. 2005).  As such, the court is "exceedingly reluctant" to upset a plan after it has taken effect.  *Id.*  Finally, reversing the efforts that have followed the approval of the reorganization plan is akin to an attempt to "place toothpaste back into the tube."  Abiding by the reorganization plan, Netwurx has completed a series of complex transactions creating an entirely different entity.  Nearly all of the creditors have been paid off, and countless transactions have occurred, all contingent, either explicitly or implicitly, on Whitewater's role in stabilizing Netwurx.  Having Bertram "step into the shoes" of Whitewater risks dramatically disrupting all that has occurred over the past several months.  Taken together, the court can only conclude that it would not be "prudent and fair to undo what the bankruptcy court" has done.  *Capital Factors, Inc.,* 2003 U.S. Dist. LEXIS 17437, at*13.

---

[2] Whitewater has made an investment in Netwurx presumably because it envisions a strong future for the company.  Unwinding the reorganization plan and reimbursing Whitewater for the costs its incurred in investing in Netwurx would do nothing to make up for the opportunity cost Whitewater would lose by being deprived, through no fault of its own, of its investment.

-4-

Case 2:09-cv-01037-JPS   Filed 02/18/10   Page 4 of 5   Document 24
Case 08-26131-svk   Doc 371   Filed 02/19/10   Page 4 of 5

Accordingly,

**IT IS ORDERED** that appellee's motion to dismiss (Docket #19) be and the same is hereby **GRANTED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge